See also, D.C., 378 F.Supp. 389.

George SQUILLACOTE, Regional Director of the Thirtieth Region of the National Labor Relations Board, For and on Behalf of the National Labor Relations Board, Petitioner,

v.

CARPENTERS DISTRICT COUNCIL OF MILWAUKEE COUNTY AND VICINITY, AFL–CIO, et al., Respondents.

No. 74–C–164.

United States District Court, E. D. Wisconsin.

May 17, 1974.

Philip E. Bloedorn, Stephen G. Katz, Dennis M. Selby, Milwaukee, Wis., for petitioner.

Goldberg, Previant & Uelmen by Walter F. Kelly and Leo Uelmen, Milwaukee, Wis., for respondents.

Melli, Shiels, Walker & Pease by James K. Pease, Jr., Madison, Wis., for Westra Construction.

## DECISION

MYRON L. GORDON, District Judge.

The regional director of the National Labor Relations Board has petitioned this court for injunctive relief pursuant to § 10(l) of the National Labor Relations Act, 29 U.S.C. § 160(l). The respondent labor organizations are charged with engaging in certain secondary boycott activities and other unfair labor practices violative of § 8(b)(4)(i) and (ii)(B) of that statute. I conclude that injunctive relief is appropriate in order to preserve the status quo ante pending the Board's final resolution of this matter.

The complainant, Westra Construction, Inc., is engaged as the general contractor for the construction of certain

school facilities. None of its employees are represented by a labor organization.

On November 27, 1973, one of the respondents, Carpenters District Council of Milwaukee Vicinity, AFL–CIO, commenced picketing against Westra at the construction site, using signs which indicated that its dispute was with Westra only; agents of all of the respondents are alleged to have participated in this picketing as well as in the commission of the other unfair labor practices. Westra established separate gates at the picketed construction site, one for the exclusive use of its employees and suppliers, and the other for the use of neutral parties, including subcontractors.

Since early April, 1974, and continuing to date, both the Westra and the "neutral" gates have been picketed with signs indicating that the dispute is with Westra only. Work has halted at the construction site since that time. The respondents claim that such picketing is justified because, on a single occasion, one of Westra's subcontractors "contaminated" the neutral gate by using it to deliver to the construction site certain materials which were then installed by Westra rather than by the subcontractor.

Had the neutral gate been used frequently in the manner just described, it is possible that the respondents could justify expanding their picketing to include that gate on the basis of their "contamination" theory. However, the information made available to me by the parties indicates that the delivery in question was an isolated incident. Indeed, it is clear that with the exception of this one incident, the role of a primary party to a neutral party as opposed to that of a primary party to its supplier has obtained as between Westra and its various subcontractors.

I have examined the documents, stipulations, exhibits, statements, depositions, and memoranda which have been submitted by the parties. I conclude that the petitioner has reasonable cause to believe that the respondents have committed unfair labor practices, including the making of inducements and threats to neutrals and conducting a "secondary boycott" harmful to neutrals to this labor dispute. The petitioner is directed to submit a proposed order granting the injunctive relief requested.